UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>MADDEN, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-00057-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 15** |

    At Docket 15 Plaintiff Tony Edward Powell, a state prisoner appearing *pro se*, filed a document entitled "Petition for Reconsideration" seeking reconsideration of the Court's Screening Order. Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, Rule 59 does not apply.[1] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[2]

    That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a

---

[1] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). For entry of a partial judgment *see* FED. R. CIV. P. 54(b); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV., §2715 (3d ed.).

[2] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[3]

Although Powell cites the appropriate standard, Powell does not present any argument in support of that standard. That is, Powell does not point out where this Court decision was manifestly erroneous or how its enforcement might work a manifest injustice. Nor does Powell cite any intervening controlling authority applicable to this case.

**IT IS THEREFORE ORDERED** that the Petition for Reconsideration at **Docket 15** is **DENIED**.

**IT IS SO ORDERED** this 9th day of July, 2013.

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[3] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); see *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

ORDER Denying Motion at Docket 15
*Powell v. Madden*, 1:13-cv-00057-RRB – 2