UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>MADDEN, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-00057-RRB<br><br>**ORDER REGARDING**<br>**MOTION AT DOCKET 31** |

At **Docket 31** Plaintiff Tony Edward Powell, a federal prisoner appearing *pro se*, filed a document entitled "Petition for Reconsideration." It appears that Powell seeks reconsideration of the Court's Order denying his "Petition for Leave, Permitting Plaintiff's Response to Defendant's Answer to Complaint."[1] It is unclear from Powell's document on what procedural basis that relief is sought or, for that matter, precisely what relief he requests.[2] As long as a district court retains jurisdiction over a case, however, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3] That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest

---

[1] Docket 30.

[2] Although, as Powell notes, this Court incorrectly referred to him as a "state" instead of a "federal" prisoner, that error made no difference in the resolution of Powell's motion.

[3] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

ORDER [Re: Motion at Docket 31]
*Powell v. Madden*, 1:13-cv-00057-RRB – 1

injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[4] Because, as presently constituted, as was the defect in his earlier motion, Powell's motion does not satisfy the requirements for summary disposition,[5] Powell does not meet the criteria for reconsideration.

This Court reiterates that it will consider the matters that may be properly submitted to it for determination pre-trial when presented as provided in the Federal Rules of Civil Procedure.[6] Accordingly, the document entitled "Petition for Reconsideration" at **Docket 31** is **DENIED**.

**IT IS SO ORDERED** this 22nd day of January, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[5] *See, e.g.*, Fed. R. Civ. P. 12(c) (judgment on the pleadings), 56 (summary judgment).

[6] *Id.*