IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TONY EDWARD POWELL, | Case No. 1:13-cv-00057-RRB |
| Plaintiff, | |
| vs. | **SCHEDULING and PLANNING ORDER** |
| MADDEN, *et al.*, | |
| Defendant(s). | |

Defendants have filed an answer to the Complaint joining the issues. Based upon information available to the Court, it now enters this Order for pre-trial development, setting the relevant dates for discovery, dispositive motions, and other important dates to provide for the orderly and prompt disposition of this case.[1]

**I.     PARTIES and PLEADINGS**

No addition or deletion of parties is necessary at this time.

No amendment to the pleadings is necessary at this time.

Motions to add other parties and/or to amend pleadings subsequent to the date of this order must be served and filed **on or before February 28, 2014**. Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

---

[1]     Fed. R. Civ. P. 16(b).

SCHEDULING and PLANNING ORDER
*Powell v. Madden*, 1:13-cv-00057-RRB – 1

## II. DISCOVERY

Discovery must be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, and Rules 250.1 – 250.4 of the Local Rules of Practice for the United States District Court, Eastern District of California, as modified or supplemented as follows:

(1) Each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure. Unless required in support of a motion or by order of the court, disclosures and supplemental disclosures *are not to be* filed with the court.

(2) Disclosures required by Rule 26(a)(1) will be made not later that **February 28, 2014**.

(3) Preliminary disclosure of potential witnesses (a preliminary witness list) is required as a part of the Rule 26(a)(1) disclosures.

### A. Plaintiff's Disclosures

Plaintiff must provide Defendants with the names and, if known, the location of other identifying information (such as inmate number, job classification, or assignment) of each individual likely to have information about the events described in the Complaint or Plaintiff's injury or damage. In addition, Plaintiff must describe in general terms the information each individual so identified is believed to possess.

Plaintiff must also provide copies of, or a list describing (by category and location) all documents or tangible things in his possession, custody or control that he may use to support the allegations in the Complaint or the claims of injury or damage.

B.     **Defendants' Disclosures**

Defendants must provide Plaintiff with the name and, if known, the location or other identifying information (such as inmate number, job classification or institutional assignment) of each individual likely to have information about Defendants' claims or defenses, or who will be used to support Defendants' version of the events described in the Ccomplaint. In addition, Defendants must describe, generally, the information each individual so identified is believed to possess.

Defendants must provide to Plaintiff copies of all documents and other materials in the care, custody, or control of any Defendant or the Bureau of Prisons ("BOP") related to the claims and defenses in the case.

Such documents and materials must include, but are not limited to: (a) documents and materials upon which Defendants rely in support of their defense of the action; (b) grievances and appeals thereof, determinations of grievances and appeals; and (c) reports of completed investigations by BOP or others. Simultaneous with disclosure to Plaintiff, defense counsel must file with the Court either a copy of any cover letter (without attachments) or a statement that the disclosures required herein have been completed.

(4) All discovery must be scheduled to be completed by **July 31, 2014**. This date will be treated as final, and extensions in the discovery schedule will not be granted unless good cause is shown.

(5) In accordance with Federal Rule of Civil Procedure 30(a), Defendants may depose Plaintiff and any other witness confined in a prison upon condition that, at least **fourteen (14) days** before such a deposition, Defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).

(6) The parties are directed to separately prepare and file a preliminary statement of issues by **August 15, 2014**.

(7) On or before **August 15, 2014**, each party must serve and file a final, revised witness list, which must include expert as well as lay witnesses. Only those witnesses so disclosed will be permitted to testify at trial.

(8) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the court in an Order for Pre-Trial Proceedings & Final Pre-Trial Conference that the Court will issue concurrent with setting this case for trial.

(9) The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions. A deposition may be taken after the close of discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

SCHEDULING and PLANNING ORDER
*Powell v. Madden*, 1:13-cv-00057-RRB – 4

(10) If disputes arise about the parties' obligations to respond to requests for discovery, the parties must comply with all pertinent rules including: Federal Rules of Civil Procedure 5, 7, 11, 26, and 37; and Rules 110, 130, 131, 133, 135, 142, and 144 of the Local Rules of Practice for the United States District Court, Eastern District of California. Unless otherwise ordered, Local Rule 251 *does not apply*, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action *does not apply*. Voluntary compliance with the provisions of Rules 26 and 37 is encouraged, however. A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions.

### III. MOTIONS

Preliminary motion practice dealing with such matters as jurisdiction and venue must be filed by **February 28, 2014**. Other preliminary motions, especially those raising legal issues that have the potential for reducing necessary discovery, must be served and filed at the earliest time possible commensurate with the development of discovery, if any, necessary to support such motions. Rule 230(I) of the Local Rules of Practice for the United States District Court, Eastern District of California applies to all motions.

All motions under the discovery rules must be filed not later than **August 15, 2014**.

Dispositive motions and motions *in limine* must be filed on or before **September 2, 2014.**

**A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question.  Extensions of time will only be granted for good cause shown**.

## IV.    FURTHER PRE-TRIAL PROCEEDINGS

Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the Court.

## V.    TRIAL

When the time allowed for discovery and motion practice has passed, and all pending dispositive motions have been ruled upon, the Court will call upon the parties to certify the case ready for trial and to provide an estimate of how long trial is expected to last.

## VI.    SUMMARY OF FILING DEADLINES

**February 28, 2014** — Amend Pleadings/Rule 26(a)(1) Disclosures/Preliminary Witness List/Preliminary Motions.

**July 31, 2014** — Completion of Discovery.

**August 15, 2014** — Discovery Motions/Final Witness List/Preliminary Statement of Issues.

**September 2, 2014** — Dispositive Motions/Motions *in limine*.

**IT IS SO ORDERED** this 27th day of January, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE