UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY EDWARD POWELL,

     Plaintiff,

vs.

MADDEN, *et al.*,

     Defendants.

Case No. 1:13-cv-00057-RRB

**ORDER REGARDING**
**MOTION AT DOCKET 44**

At **Docket 44** Defendants a Motion to Dismiss the Eighth Amendment Claim for failure to exhaust on **February 28, 2014**.  Plaintiff is proceeding *pro se* in this civil action. The Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:[1]

     1.     Unless otherwise ordered, all motions to dismiss must be briefed pursuant to Local Rule 230(l).

     2.     Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss.[2]  If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, the motion may be granted without further notice.  The opposition

---

     [1]     *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

     [2]     Local Rule 230(l).

or statement of non-opposition must be filed not more than 21 days after the date of service of the motion.[3]

      3.     Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.[4] In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact.[5] If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss.[6] If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims.[7] A dismissal for failure to exhaust is without prejudice.[8]

      If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in

---

[3]    *Id.*

[4]    *Wyatt*, 315 F.3d at 1119 (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).

[5]    *Wyatt*, 315 F.3d at 1119–20 (*quoting Ritza*, 837 F.2d at 368).

[6]    *Id.* at 1120.

[7]    *Jones v. Bock*, 549 U.S. 199, 219-224 (2007).

[8]    *Wyatt*, 315 F.3d at 1120.

declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.[9]  If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed.

4.      Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

5.      The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

        **IT IS SO ORDERED** this 10th day of March, 2014.

                                                    S/ RALPH R. BEISTLINE
                                                    UNITED STATES DISTRICT JUDGE

---

[9]      *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369.

ORDER REGARDING MOTION AT DOCKET 44
*Powell v. Madden*, 1:13-cv-00057-RRB – 3