UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY EDWARD POWELL,

      Plaintiff,

vs.

MADDEN, *et al.*,

      Defendants.

Case No. 1:13-cv-00057-RRB

<u>ORDER GRANTING</u>
<u>MOTION AT DOCKET 44</u>

## I.    BACKGROUND

At **Docket 44** Defendants Jon Franco, M.D., Lourdes Mettry and Rodrigo Ogues moved to dismiss Plaintiff's Eighth Amendment medical indifference claim on the basis that Plaintiff Tony Edward Powell failed to properly exhaust his administrative remedies.  Powell has opposed the motion[1] and Defendants have replied.[2]  The matter is ripe for decision and is submitted on the moving and opposing papers.[3]

Powell's lawsuit arises out of a slip and fall incident that occurred on May 12, 2012.  As relevant to the motion before the court, Powell has alleged that Defendants Jon Franco,

---

[1]    Docket 56.

[2]    Docket 58.

[3]    In rendering its decision, the Court considered the request to take judicial notice at Docket 57.

M.D., Lourdes Mettry, and Rodrigo Ogues were deliberately indifferent to his serious medical needs.

## II.   APPLICABLE LAW

A prisoner must exhaust his administrative remedies prior to filing suit, not during the pendency of the suit.[4]  Exhaustion is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process;[5]  is an affirmative defense to be raised and proven by the defense;[6] although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[7]  "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[8] "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[9]

---

[4]      42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

[5]      *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[6]      *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

[7]      *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[8]      *Jones,* 549 U.S. at 218.

[9]      *Id*.

A defendant has the initial burden to show that "(1) a grievance procedure existed and (2) [the plaintiff] did not exhaust the grievance procedure."[10]  Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was not available.[11]

Administrative exhaustion is a defense that "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion."[12]  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."[13]  If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[14]

## III.   FACTS

Powell attempted to raise his deliberate indifference claim in two separate administrative grievances:  683052 and 695858.  As relevant to the issue before the Court, the following summary of these administrative proceedings is provided.[15]

Grievance 683052:  Powell initiated this grievance on March 12, 2012, two months prior to his slip and fall.  At the first level Powell contended that Defendant Mettry had

---

[10]     *Albino v. Baca*, 697 F.3d 1023, 1032 (9th Cir. 2012).

[11]     *Id*.

[12]     *Wyatt*, 315 F.3d at 1119          .

[13]     *Id*. at 1120.

[14]      *Id*.

[15]     As established by the evidence submitted by the Defendants as moving parties.  Powell does not dispute this evidence.

denied him his cholesterol medication, and that he was being denied medical shoes or boots.  On May 7, 2012, the Warden responded, noting that Powell had refused to allow further monitoring of his cholesterol level which resulted in the discontinuance of his medication.  The Warden granted his request with respect to the medical shoes or boots.[16] Disagreeing with the Warden's finding *vis-a-vis* the cholesterol medication, Powell appealed to the Regional Director. The Regional Director denied Powell's appeal, providing Powell with copies of three treatment refusal forms.[17]  In his appeal to the Central Office Powell changed his complaint, substituting his medical indifference claim arising out of the May 12, 2012, incident.  Powell did not raise the issues he presented in the lower levels. The Central Office provided a information response indicating Powell had received appropriate medical care.[18]

Grievance 695858:  Powell initiated this grievance on June 28, 2012, requesting an investigation into the slip and fall incident, but does not raise any issue concerning the adequacy of the medical care. This grievance was rejected on the basis that, under the regulations, only one request was permitted per grievance.[19]  Powell's appeal to the Regional Director was rejected with directions to follow the instructions provided by the institution.[20]  Powell's further appeal to the Central Office was rejected stating:  "You

---

[16]     Motion, Vickers Declaration, Attachment 5, Docket 44-3, pp. 23–31.

[17]     Motion, Vickers Declaration, Attachment 6, Docket 44-3, pp. 32–43.

[18]     Motion, Vickers Declaration, Attachment 7, Docket 44-3, pp. 44–54.

[19]     Motion, Vickers Declaration, Attachment 1, Docket 44-2, pp. 8–15.

[20]     Motion, Vickers Declaration, Attachment 2, Docket 44-2, pp. 16–23.

submitted your request or appeal to the wrong level. You should have filed at the institution, regional office, or central office level."[21]

## IV.    DISCUSSION

 This Court agrees with Defendants that, with respect to his deliberate indifference claim, Powell has not properly exhausted his administrative remedies.  As relevant to this case, the applicable regulations provide:

> The inmate shall place a single complaint or a reasonable number of closely related issues on the form.  If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue. For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.[22]

> (1)   Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP–10) and accompanied by one complete copy or duplicate original of the institution Request and response.  Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP–11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses.  Appeals shall state specifically the reason for appeal.

> (2)  An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.[23]

 The record presented to this court conclusively establishes that Powell has *not properly* exhausted his administrative remedies.  In Grievance 683052 Powell, although he raised a deliberate indifference claim at each of the three levels, the claim presented

---

[21]     Motion, Vickers Declaration, Attachment 3, Docket 44-2, pp. 24–45.

[22]     28 C.F.R. § 542.14(c)(2).

[23]     28 C.F.R. § 542.15(b).

to the Central Office level arose out of an entirely separate incident, both in time and factually, than did the claim presented at the first two levels.  In Grievance 695858 Powell improperly attempted to combine two separate issues into a single grievance.  Instead of separating his appeals, as instructed at the first level, Powell continued to pursue his procedurally improper grievance.  Powell's failure to properly exhaust his administrative remedies is a result of his own failure, despite clear, explicit instructions to adhere to the procedural requirements prescribed by the regulations; not a denial of due process by officials of the Bureau of Prisons.[24]

More importantly, however, even if it may be found that Powell properly exhausted his administrative remedies, the evidence conclusively establishes that Powell is not entitled to relief as a matter of law on the undisputed facts.  In his opposition, as evidence that he had exhausted his administrative remedies, Powell attached a copy of the January 18, 2013, response by the Central Office in Grievance 683052.

> This is in response to your Central Office Administrative Remedy Appeal wherein you allege inadequate medical care and unethical treatment for your back pain.  Specifically, you claim you are experiencing pain to your lower back, which runs down your right hind leg, but are not being provided appropriate treatment and pain management for your condition.  For relief, you are requesting proper medication, an MRI and an examination by an outside specialist.
>
> We have reviewed documentation relevant to your appeal and, based on information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for

---

[24]     The Court agrees with Defendants that Powell's contention that prison officials somehow engaged in affirmative misconduct that thwarted his efforts to exhaust his administrative remedies is devoid of any factual support.

Administrative Remedy and subsequent appeal.  Our review reveals you have been diagnosed with peripheral neuropathy.  On October 16, 2012, you reported to sick call with continued complaint of low back pain with radiation to both lower extremities and with pins and needle sensation in your feet. X-rays performed revealed mild degenerative joint disease and osteoarthritis of the right hip.

You have been prescribed Gabapentin and Naproxen for your peripheral neuropathy and are currently being followed in the Orthopedic/Rheumatology Chronic Care Clinic (CCC).  During your last CCC visit of December 17, 2012, a request was submitted for you to undergo an MRI of the spine and pelvis-lumbar spinal canal.  Once the MRI has been performed, a determination will be made as to future treatment plans. Should you have questions or concerns regarding the MRI procedure, you are encouraged to discuss your concerns with medical staff through normal sick call procedures.

You have failed to provide evidence to substantiate your allegation of being denied adequate medical treatment, or that you have suffered vindictive and unethical treatment toward you condition.  The record reflects you received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons.[25]

In holding that the infliction of unnecessary suffering on prisoners violated the Eighth

Amendment, the Supreme Court stated:

[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[26]

---

[25]     Docket 56, p. 8.  A copy of the same document was also provided by the moving parties.  Docket 44-3, p. 45.

[26]     *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[27]  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[28]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[29] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983.  A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[30]

---

[27]   *Id.* at 106.

[28]   *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[29]   *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[30]   *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

"Deliberate indifference is a high legal standard.  A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[31]  Powell has not even shown a difference of opinion regarding the course of medical treatment. Even if he did, standing alone, a difference of medical opinion is "insufficient as a matter of law, to establish deliberate indifference."[32] The evidence submitted by Powell establishes that the medical care he received not only did *not* rise to the level of deliberate indifference, but was consistent with Powell's own request.  Based upon the undisputed facts, Powell's medical indifference claim fails as a matter of law.

Nor, for that matter, does it appear that Powell can even plausibly plead a viable medical malpractice claim under California law.

> The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.[33]

---

[31]     *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood*, 900 F.2d at 1334 (stating that even gross negligence is insufficient to establish a constitutional violation).

[32]     *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[33]     *Burgess v. Superior Court*, 831 P.2d 1197, 1203–04 (Cal. 1992) (internal quotation marks and citations omitted).

## V.   CONCLUSION and ORDER

Powell's medical indifference claim fails on two bases.  First, it is clear that Powell did *not* properly exhaust his administrative remedies with respect to the medical deliberate indifference claim presented to this court. More importantly, Powell's own evidence conclusively obliterates his medical indifference claim on the merits as a matter of law. Although normally this court in dismissing for failure to state a claim upon which relief could be granted would do so without prejudice to curing the defect and refiling.  In this case, however, it is evident that Powell cannot truthfully plead any set of facts that would permit granting any relief on his medical indifference claim or a medical malpractice claim.[34]

Accordingly, the Motion to Dismiss Eighth Amendment Claim for Failure to Exhaust Administrative Remedies at **Docket 44** is **GRANTED**. The First Amended Complaint as against Defendants Jon Franco, M.D., Lourdes Mettry, and Rodrigo Ogues is **DISMISSED**, with prejudice.

**IT IS SO ORDERED** this 2nd day of April, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[34]   *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").