UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL,<br><br>        Plaintiff,<br><br>vs.<br><br>MADDEN, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00057-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 60** |

At **Docket 60** Plaintiff Tony Edward Powell, a federal prisoner appearing *pro se*, filed a document entitled "Consolidated, Alternative Petition for Summary Judgment Alternatively Moves to Show How Defendants are Divested of Jurisdiction." Although it is not entirely clear from that document just what relief Powell seeks as against which Defendant, the language of the motion appears to address the question of whether Powell properly exhausted his medical deliberate indifference claim against Defendants Jon Franco, M.D., Lourdes Mettry and Rodrigo Ogues.

The Court, after fully considering the motion of Defendants Jon Franco, M.D., Lourdes Mettry, and Rodrigo Ogues and the opposition by Powell, dismissed the complaint as against them, with prejudice, for failure to properly exhaust administrative remedies.[1]

---

[1]     Docket 59. The Court notes that this is an interlocutory, not a final, appealable order. The Court further notes that Defendants brought their motion under "unenumerated Rule 12(b)," and the Ninth Circuit recently held that the appropriate

(continued...)

It appears that Powell's pending motion, dated April 2, 2014, was mailed to the Clerk of the Court the same day as the Order of the Court was entered and mailed to Powell. Thus, the two crossed in the mail.

Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[2] However, the law of the case doctrine is not a shackle without a key. In the interests of justice and efficient judicial efficiency, the Court will consider the motion as a motion for reconsideration under the inherent power of the Court to reconsider its interlocutory orders.[3] That inherent power is not, however, unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration

---

[1](...continued)
procedure is a motion for summary judgment under Rule 56. *Albino v. Baca*, __ F3d ___, ___, 2014 WL 1317141 (9th Cir. April 3, 2014) (en banc) (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). Although the Ninth Circuit eschewed the use of Rule 12(b) in *Albino*, it did not materially alter the standard applied under *Wyatt*. Accordingly, notwithstanding that it was decided under an improper rule, in the interests of efficient judicial administration, the Court will nonetheless review Defendants' motion as if it had been brought under Rule 56 and, in reconsidering the prior Order in light of the current motion, do so applying the appropriate standards. That is, the Court will *sua sponte* review its prior decision to determine if it was correctly decided applying summary judgment standards.

[2]        *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[3]        *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

ORDER DENYING MOTION AT DOCKET 60
*Powell v. Madden*, 1:13-cv-00057-RRB – 2

appropriate; or (3) substantially different evidence was adduced at a subsequent trial."[4] With respect to the pending motion, only the first ground, "clearly erroneous," applies.

The Court agrees that, under the applicable Regulations for the purpose of determining whether the administrative remedies have been exhausted, a grievance that is not ruled upon within the specified period is deemed denied; and, therefore, in that respect also deemed exhausted. That does not, however, affect the Court's decision in this case. The basis underlying the Court's decision was that Powell did not raise his medical deliberate indifference claim until the third-level, thereby *improperly by-passing* the first and second levels. Consequently, as the Court explained, Powell failed to *properly* exhaust his available administrative remedy. Nothing in the motion pending before this Court changes that analysis.

Finally, viewing Defendants' motion to dismiss in light of the requirements for summary judgment, the Court finds no basis upon which to modify or rescind its Order at Docket 59 dismissing the medical deliberate indifference claim for failing to properly exhaust his administrative remedies. That is, whether decided under the standards for an "unenumerated motion" under Rule 12(b) (*Wyatt*) or for summary judgment (*Albino*), the result is the same, i.e., there is not "sufficient evidence favoring the nonmoving party for

---

[4]      *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

a jury to return a verdict for that party."[5]  Powell has provided no basis upon which this Court may amend or alter its decision to dismiss the medical deliberate indifference claim.

Accordingly, the document entitled "Consolidated, Alternative Petition for Summary Judgment Alternatively Moves to Show How Defendants are Divested of Jurisdiction" at **Docket 60**, treated as a motion to reconsider the Court's Order at Docket 59, is **DENIED**.

**IT IS SO ORDERED** this 11th  day of April, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[5]   *Anderson v. Liberty Lobby, Inc.*, 470 U.S. 242, 249 (1986).

ORDER DENYING MOTION AT DOCKET 60
*Powell v. Madden*, 1:13-cv-00057-RRB – 4