UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MADDEN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:13-cv-00057-RRB<br><br>**ORDER DENYING PETITION FOR RECUSAL OF PRESIDING JUDGE AT DOCKET 63** |

At **Docket 63** Plaintiff Tony Edward Powell, a federal prisoner appearing *pro se*, filed a Petition for Recusal of Presiding Judge. His motion is based upon 28 U.S.C. §§ 144 and 455. For the reasons that follow, the Court **DENIES** Powell's request.

In order to show a violation of § 144, Powell must show that the bias or prejudice of this court is twofold: (1) personal, i.e., directed against the party, and (2) extra-judicial.[1] Essentially, the same standard applies to § 455.[2] The fatal deficiency in Powell's request for recusal is that it is based solely upon his disagreement with judicial rulings made in the course of these proceedings. The Supreme Court has made clear that judicial rulings may constitute bias "only in the rarest circumstances . . . [where] they display a deep-seated

---

[1]　*Berger v United States*, 255 U.S. 22, 31 (1921).

[2]　*United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (citing and quoting *Liteky v. United States*, 510 U.S. 540, 544–46 (1994)).

ORDER DENYING MOTION AT DOCKET 63
*Powell v. Madden*, 1:13-cv-00057-RRB – 1

favoritism or antagonism that would make fair judgment impossible."[3] Adverse rulings, standing alone, do not constitute the requisite bias.[4] To the extent that Powell alleges that this court "has either previously worked with the penal system, or has friends and relations that work with the prison penal system," it is based upon conjecture and surmise, conclusory, and devoid any factual support. In short, Powell has failed to provide a basis for recusal as a matter of law.

The Court reminds Powell that, although he is proceeding *pro se* and the Court has, and will continue, to provide him considerable latitude,[5] Powell must nonetheless follow the rules of practice and procedure.

Accordingly, the Petition for Recusal of Presiding Judge at **Docket 63** is **DENIED**.

**IT IS SO ORDERED** this 7th day of June, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3] *Liteky*, 510 U.S. at 555.

[4] *Id.* at 554–56; *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44 (1913) (stating that the statute was "never intended to enable a discontented litigant oust a judge because of adverse rulings made, for such rulings are reviewable otherwise"); *see United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).