UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY EDWARD POWELL,

    Plaintiff,

vs.

MADDEN, *et al.*,

    Defendants.

Case No. 1:13-cv-00057-RRB

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AT DOCKET 69**

**I.    PENDING MOTION**

At **Docket 69** Defendant United States of America ("Government") moved for summary judgment. Plaintiff has opposed the motion.[1] Although the time therefore has lapsed, the Government has not filed a reply. The Court has determined that oral argument would not materially assist in the resolution of the issues presented. Accordingly, the matter is submitted for decision on the moving and opposing papers.[2]

**II.    BACKGROUND**

Tony Edward Powell, a federal prisoner appearing *pro se*, initiated this civil rights action under 42 U.S.C. § 1983. In his complaint Powell alleged three causes of action arising out if his confinement at USP–Atwater, California. First, a negligence action based upon a

---

[1] Docket 73.

[2] L. R. 230(l).

slip and fall incident that occurred while Powell was exiting the prison dining facility. Second, deliberate indifference by various medical personnel in either refusing or failing to properly treat the injuries Powell suffered in the slip and fall incident. Third, correctional authorities improperly confiscated and refused to return to Powell certain documents related to litigation unrelated to the slip and fall incident.

In screening the complaint this Court permitted Powell to proceed on his slip and fall negligence claim under the Federal Tort Claims Act ("FTCA") as against Randy Madan (incorrectly named as Madden in the Complaint), Elijah George, and Jason Heck based upon otherwise applicable California law. Powell was also permitted to proceed on his medical indifference claim against Lourdes Mettri, Jon Franco, M.D. and Rodrigo Orgues. All other claims and parties were dismissed.[3]

The Government [substituted for Madan, George, and Heck[4]], Mettri, Franco, and Orgues answered the Complaint.[5]

Defendants Mettri, Franco, and Rodrigo Orgues moved for dismissal of the claims against them for failure to exhaust administrative remedies.[6] After the matter was fully briefed

---

[3] Docket 11.

[4] 28 U.S.C. § 2679(d)(1).

[5] Docket 28.

[6] Docket 44.

by the parties, the Court granted the motion and dismissed this claims against Lourdes Mettri, Jon Franco, M.D. and Rodrigo Orgues.[7]

In its Scheduling and Planning Order the Court required each party to file a preliminary statement of issues and a final, revised witness list not later than August 15, 2014.[8] Although the Government complied with that Order,[9] Powell has neither complied with, nor requested relief from, the requirements of that order.

### III.    STANDARD/APPLICABLE LAW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[10] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[11] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[12] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be

---

[7] Docket 59.

[8] Docket 33.

[9] Dockets 67 and 68.

[10] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[11] Fed. R. Civ. P. 56(e).

[12] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.  In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[13] Material facts are those which may affect the outcome of the case.[14] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[15] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[16] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[17] A court generally accepts as true statements made under oath.[18] However, this rule does not apply to conclusory statements unsupported by underlying facts,[19] nor may the court draw unreasonable inferences from the evidence.[20] The moving party has the burden

---

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[14] *Id*.

[15] Id.

[16] *Id*. at 255; *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[17] *Andderson*, 477 U.S. at 255.

[18] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[19] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[20]  See *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); (continued...)

of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[21]

The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[22] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[23]

Under the FTCA, the United States is liable for "personal injury . . . caused by the negligent or wrongful act of any employee of the Government while acting in the course and scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance where the act or omission occurred."[24] The FTCA extends to prisoners who suffer injuries as a result of the negligence of government employees while confined in federal prisons.[25]

---

[20] (...continued)
*McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[22] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); see *Celotex*, 477 U.S. at 325.

[23] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[24] 28 U.S.C. § 1346(b).

[25] *United States v. Muniz*, 374 U.S. 150, 153–66 (1963).

Under California law: "The elements of a cause of action for negligence are well established. They are (a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury."[26] Powell bears the burden of establishing all three elements by a preponderance of the evidence. In a slip and fall case, Plaintiff must establish that the Defendants had actual or constructive notice of the dangerous condition.[27]

## IV. DISCUSSION

For the purposes of ruling on the motion before it, the Court assumes that the conditions alleged in the Complaint existed. That is, while Powell was exiting the dining facility at USP–Atwater "water drenched the floor, combined with a foreign slippery substance, and the metal frame was removed from the pea trap draining system, which caused Plaintiff to slip, falling violently to the floor," and that there were no "wet floor" signs warning of the danger.[28] The Court further assumes that, as a result of his slip and fall, Powell suffered compensable injuries, i.e., his injuries were not *de minimis*.

Initially, the Court notes that by failing to timely serve and file a statement of preliminary issues and final witness list Powell has failed to comply with the Court's Scheduling and

---

[26] *Ladd v. County of San Mateo*, 911 P.2d 496, 498 (Cal. 1996) (emphasis in the original) (citations and internal quotation marks omitted); *see Hayes v. County of San Diego*, 736 F.3d 1223, 1231 (9th Cir. 2013) (same).

[27] *See Moore v. Wal-Mart Stores, Inc.*, 3 Cal. Rptr. 813, 816 (Cal. App. 2003) ("In the absence of actual or constructive notice of the dangerous condition, the owner is not liable.").

[28] Docket 1, p. 4

Planning Order. In that Order the Court made clear that the only witnesses that would be permitted to testify at trial were those witnesses disclosed.[29] Powell has not sought relief from the requirements of that order. This Court acknowledges and adheres to the general rule that prisoner *pro se* pleadings are given the benefit of liberal construction.[30] On the other hand, while this Court must liberally construe papers filed by *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure, including the orders of the court.[31] Thus, the only person Powell may call as a witness at trial is himself and the three Defendants.

Turning to the merits of the motion, the Government submitted a statement of undisputed facts, which as relevant to the motion *sub judice* provided as follows:[32]

> 3. Plaintiff asserts that all of the evidence supporting his claim is contained in his Complaint.
>
> \* \* \* \*
>
> 6. Plaintiff does not know who removed the grate from the floor drain.
> 7. Plaintiff does not know when the grate was removed from the floor drain.
> 8. Randy Madan, the Food Service Administrator, was off duty and not at USP Atwater on May 12, 2012.
> 9. Jason Heck, a Cook Supervisor, was assigned on May 12, 2012, to supervise the preparation of food trays for the Special Housing Unit at USP Atwater.

---

[29] Docket 33, p. 4 ¶ (7).

[30] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[31] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

[32] Docket 69-2. Paragraph numbering as used in the Statement of Undisputed Facts.

    10. Heck did not know that the grate had been removed from the floor drain or that there was any slippery substance on the floor near the dishwashing station before Plaintiff fell.
    11. Elijah George, then the Assistant Food Services Administrator at USP Atwater, was the senior official on duty in the food services department on May 12, 2012.
    12. George did not know that the grate had been removed from the floor drain or that there was any slippery substance on the floor near the dishwashing station before Plaintiff fell.

In his opposition, Powell contends that the declarations submitted in support of the motion are false.[33] In support of this contention Powell argues that statements from both staff and inmates, as well as video footage, will prove this alleged falsity. Except as noted in the immediately following paragraph, Powell does not present any of this alleged evidence.[34] Nor has Powell invoked the provisions of Federal Rule of Civil Procedure 56(f), which permits the court, upon application by the non-moving party, supported by affidavit, to either deny the motion for summary judgment or grant a continuance to permit affidavits to be obtained, depositions taken, or other discovery conducted. Failure to comply with the requirements of Rule 56(f) is a proper ground for proceeding to summary judgment.[35]

---

    [33] The Court notes that Powell did not file a separate response to the State's Statement of Undisputed Facts as required by L.R. 260(b). Construing Powell's opposition to the motion liberally, despite the technical noncompliance with the rules, the Court nonetheless considers Powell's opposition as the functional equivalent of the required statement to the extent it presents factual matter supported by competent evidence.

    [34] The Court also notes that in his deposition, although inquiry was made by counsel for the State concerning this evidence, Powell specifically and affirmatively refused to identify any of the evidence upon which he now attempts to rely in opposing summary judgment.

    [35] *Family Home and Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Powell did append the declarations of two individuals who were previously incarcerated at USP–Atwater. Even considering those declarations would not alter the outcome on the motion before the court. The statement by Miguel Kercherval does nothing more than support the fact that a dangerous condition existed from time to time, but does not address the date in question.[36] Thus, it is of no probative value. Particularly in light of the fact that, in deciding the motion before it, this Court has assumed that the condition described in the complaint is a "fact." The declaration of Victor Wight presents a somewhat different picture. Wright contends that he had "witnessed, Mr. Madan, Mr. George, and Mr. Heck have [sic] to carefully walk over water when going over to the dish room . . .."[37] Wright does not identify the date on which he made this observation; nor does he claim to have been a percipient witness to the incident underlying Powell's claim. Wright also stated that "[a]nybody that was at the Atwater (USP) has knowledge of the conditions, staff and inmate."

Even if considered, neither declaration addresses the narrow question presented in the pending motion: that Randy Madan, Elijah George, and Jason Heck, or any of them, had actual knowledge of the dangerous condition *at the time that Powell slipped and fell*. Madan's uncontroverted declaration establishes that he was not present at USP-Atwater on the date in question.[38] Thus, Madan could not possibly have any liability. Both George and Heck have stated under penalty of perjury:

---

[36] Docket 73, p. 10.

[37] Docket 73, p. 8.

[38] Docket 69-4.

>    4. Inmate workers are not supposed to remove the grate a covering the floor drain while inmates are eating in the dining facility. I was not aware that the grate was removed prior to Plaintiff's fall, nor was I aware of any slippery substance on the floor in front of the dish station. Had I been made aware of this situation, I would have immediately instructed inmates to replace the grate, and to mop up the slippery substance.[39]

Therefore, under California law neither George nor Heck have any liability. Other than an unsupported allegation that they are "lying," Powell has not presented any evidence to refute those declarations.

While this Court is not unmindful of the disparity in the resources available to a prisoner as compared to those available to the State, that disparity does not lessen the burden that the law places on a prisoner, as the plaintiff, to establish by competent evidence the elements of the cause of action upon which liability is necessarily predicated. Nor, as noted above, does it relieve a prisoner of the procedural requirements for proceeding in this Court. Reduced to its essence, Powell relies on the allegations in his complaint as well as in his affidavit—conclusory, self-serving, and lacking supporting evidence—which collectively fail to establish a genuine issue of material fact sufficient to defeat summary judgment in favor of the State.[40]

---

[39] Docket 69-5 (George Declaration); Docket 69-6 (Heck Declaration).

[40] *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)); *United States v. $133,420.00 in U.S. Currency* , 672 F.3d 629, 638 (9th Cir. 2012);

**V.     ORDER**

For the reasons set forth above, the motion for summary judgment by Defendant United States of America, substituted for Randy Madan, Elijah George, and Jason Heck, at **Docket 69** is **GRANTED**.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Plaintiff's claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  Therefore, any appeal from this decision would be frivolous or taken in bad faith.[41] Accordingly, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter final judgment dismissing this action in its entirety as against all defendants, with prejudice, which states that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 17th day of October, 2014.

> S/ RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[41]  28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).